1  Allen Lichtenstein,
   Nevada Bar No.3992
2  3315 Russell Road, No. 222
3  Las Vegas, NV 89120
   (702) 433-2666
4

5  Margaret A. McLetchie
   Nevada Bar No. 10931
6  601 S, Ranch, Ste. B-11
7  Las Vegas, NV 89106
   (702) 366-1536
8

9  Attorneys for Plaintiffs
   Jason and Sebastian Perez-Morciglio
10

United States District Court

District of Nevada

| | |
|---|---|
| Jason A. Perez-Morciglio and Sebastian Perez-Morciglio, <br><br> Plaintiffs, <br> vs. <br><br> Las Vegas Metropolitan Police Department; Sheriff Douglas Gillespie (individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department); Las Vegas Metropolitan Police Department Officers T. Scott and S. Schaier, Sergeant Kendall Bell (in their individual capacities); Las Vegas Sands Corp., a Nevada Corporation; Venetian Casino Resort, LLC, a Nevada Limited Liability Company; Venetian Security Guard Eli Castro; Venetian Security Guard Linda Hagenmaier; Venetian Security Guard Ron Hicks; Venetian Security Guard William Lovegren; Venetian Security Guard Anthony Bronson; and Venetian Security Guard Kevin Neanover; Venetian Security Guard | Case No.:     2:10-CV-00899-PMP-RJJ <br><br> **PLAINTIFFS' REPLY TO DEFENDANT LAS VEGAS SANDS' RESPONSE TO PLAINTIFFS' COUNTER-MOTION FOR SUMMARY JUDGMENT, AND RULE 56(f) MOTION** |

Kim Gorman; Venetian Security Guard Paul Tanner; and Executive Director of Security Tony Whiddon,
    Defendants.

Pursuant to Rule 56 of the federal Rules of Civil Procedure, Plaintiffs Jason Perez-Morciglio and Sebastian Perez-Morciglio, by and through their counsel Allen Lichtenstein of the ACLU of Nevada, hereby file this Reply to the Response to their Counter Motion for Summary Judgment filed by Defendants Las Vegas Sands Corp., Venetian Casino Resort, Eli Castro, Linda Hagenmaier, William Lovegren, Anthony Bronson, Kevin Neonover, Kim Gorman, Paul Tanner, and Tony Whiddon.  This Reply is based upon the pleadings and papers on file in this case, Exhibits of record, and any arguments by counsel at the time of hearing.

ACLU of Nevada

 /s/ Allen Lichtenstein

Allen Lichtenstein

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I       Preliminary Statement**

The Venetian Defendants'[1] Motion for Summary Judgment must be denied in its entirety, whereas Plaintiffs are entitled to summary judgment with respect to three issues: (1) the sidewalk in front of the Venetian where the Plaintiffs were accosted, and taken into custody, by Venetian security guards, is a dedicated public thoroughfare and public forum that the Venetian has no lawful right to prohibit members of the public from being on; (2) by unlawfully regulating the public sidewalk—specifically by detaining the Plaintiffs—the Defendants acted under color of law and accordingly are state actors; and (3) in light of the sidewalk's undeniable status as a public thoroughfare and public forum and the Venetian Defendants' unjustified state action in the form of the unlawful detention of Plaintiffs as a result of their presence on the public sidewalk, the Venetian Defendants engaged in tortious conduct as a matter of law.

**II  Argument**

    **A.  Plaintiffs are Entitled to Summary Judgment as To Their Claim that the Sidewalk in Front of the Venetian, Where They Were Stopped and Removed, Is a Public Forum From Which the Venetian Defendants Do Not Have the Lawful Authority to Exclude Individuals.**

Viewing the evidence in the light most favorable to the Venetian, and even assuming that Plaintiff Jason Perez-Morciglio was in fact selling swords before Venetian security trespassed him, summary judgment should still be granted to the Plaintiffs on the issue of whether the Venetian was authorized to exclude him from a public forum like the sidewalk. There is no question that as a matter of law, the sidewalk in front of the Venetian, where the Plaintiffs were stopped by Venetian security guards

---

[1] "The Venetian Defendants" refers to Defendants Las Vegas Sands Corp., Venetian Casino Resort, LLC, Eli Castro, Linda Hagenmaier, William Lovegren, Anthony Bronson, Kevin Neanover, Kim Gorman, Paul Tanner, and Tony Whiddon.

3

and removed, is a public forum that the Venetian does not have the right to regulate. *Venetian Casino Resort v. Local Joint Exec. Bd. Of Las Vegas ("Venetian II")*, 257 F.3d 937, 945-46 (9th Cir. 2001), *cert. denied*, 535 U.S. 905, 152 L. Ed. 2d 142, 122 S. Ct. 1204 (2002).  See *also S.O.C., Inc. v. County of Clark*, 152 F.3d 1136, 1144 (9th Cir. 1988) (holding that "the public streets and sidewalks located within the Las Vegas resort District" are public fora.).  This Court has analyzed this specific question, regarding the exact location subject to this litigation and nearly a decade ago the Ninth Circuit affirmed this Court's judgment. *Venetian Casino Resort v. Local Joint Exec. Bd. of Las Vegas ("Venetian I")*, 45 F. Supp. 2d 1027 (D. Nev. 1999); *Venetian II*, 257 F.3d at 945-46.  In both instances the Venetian's argument that it could exclude people from the sidewalk was rejected outright.

The Venetian has no lawful authority to regulate *even commerce* on the sidewalk in front of the Venetian, because the sidewalk is a public forum dedicated to public use.  This Court could not have been clearer when it ruled, "[I]f ever there was a case where protections of the First Amendment to the United States Constitution should be applied to private property used for a particular public function, this is the case." *Venetian I*, 45 F. Supp. 2d at 1035.  Furthermore, the Ninth Circuit agreed with this Court's judgment and held with respect to the very sidewalk in question in this litigation:

> [P]roperty that is dedicated to public use is no longer truly private. Although the owner of the property retains title, **by dedicating the property to public use, the owner has given over to the State or the public generally "one of the most essential sticks in the bundle of rights that are commonly characterized as property," the right to exclude others.**

*Venetian II*, 257 F.3d at 945-46 (9th Cir. 2001) (internal citation omitted) (emphasis added).

More than anything else, this case is about the Venetian Defendants' insistence that despite

4

this Court and the Ninth Circuit's 2001 ruling on a virtually identical legal question with respect to the very same stretch of sidewalk, they nevertheless have the authority and unbridled discretion to exclude individuals like the Plaintiffs when those individuals are engaged in activity that violates *the casino's policies*. *See* Bronson Depo. Tr., Ex. 1 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, at 45. The Venetian has no justification for ignoring this Court or the Ninth Circuit Court's prior rulings on this point. Its attempts to do so here are inexcusable. Instead of following the Court's precedent, the Venetian erroneously relies on *Adderley v. State of Florida*, 385 U.S. 39 (1966), a case where the Supreme Court affirmed criminal trespass convictions of demonstrators *who blocked access to a road* during a protest. *Adderley*, of course, is inapplicable here, where the Defendants have not even alleged that either of the Plaintiffs' conduct blocked passage along the sidewalk or violated any laws.

While the Venetian clearly has no authority to stop, detain, and remove individuals who are simply using the sidewalk to pass by, it has even less of a right to stop, detain, or remove individuals from the sidewalk because they violated the casino's policies or because they are engaged in protected speech. That is exactly what happened here. *See* Venetian Defendants' Responses to Plaintiffs' First Set of Requests for Admissions (RFAs), Ex. 25 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, Response to RFA No.3 at p. 5 (Jason was in costume as Zorro); *see also* Bronson Depo Tr. at pp. 88 (admitting that Jason was in costume as Zorro); Lovegren Depo Tr., Ex. 13 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, at p. 86; Ex. 3 to Lovegren Depo Volunteer Statement of William Lovegren, Ex. 13 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at Bates # LVS 000009. (Lovegren's statement saying that Jason was dressed up as Zorro); Plaintiff Jason was in character performing as Zorro when he was stopped by Venetian Security Officers as his full

deposition testimony and the video footage of the interaction makes clear.  Jason's Depo. Tr., Ex. Ex. 7 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, at 125-126.  When Jason and his brother Sebastian refused the security officers' unlawful command to leave the public sidewalk, he and his brother were detained.  (Venetian's MSJ of 5/23/11. Dckt. No. 80 at p. 3).  Simply put, Jason was detained by the Venetian because his performance was unwelcome and he refused the casino's unlawful order to leave, and finally he was issued a citation by which he was cautioned that he could not return to the sidewalk, effectively prohibiting walking down Las Vegas Boulevard on the east side of the street .  Transcription of Video titled "Venetian Holding Room Camera 1063", dated January 15, 2010 ("Video Tr."), Ex. 11 to the  6/16/11 McLetchie Declaration, Dckt. No. 93, at p. 38. Sebastian was illegally detained and ultimately issued a similar citation for speaking out against the Venetian's illegal practice of squelching free speech on sidewalk designated as a public forum. (The Venetian's MSJ of 5/23/11, Dckt. No. 80 at pp. 3-4).  None of those facts are in dispute,[2] and all of these actions violated the First Amendment as well as the liberty interest in being able to travel on public thoroughfares.

The Venetian misstated the issue at question when it cited *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 956 n.3 (9th Cir. 2008) for the proposition that the First Amendment does not provide individuals the "right to wear whatever attire they choose merely because their

---

[2] Neither party disputes that Jason was portraying Zorro as he was approached by Venetian Security guards. It is only in dispute whether <u>in addition to his portrayal of Zorro</u>, Jason accepted money for a prop sword, or whether he accepted a tip for his portrayal.  The Venetian's MSJ of 5/23/11, Dckt. No. 80 at p. 3; Plaintiff's Opposition and Counter Motion of June 16, Dkt. No. 95, at pp. 8-9; Jason's Depo. Tr., Ex. 7 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, at 81-83. This dispute of fact is not dispositive because under either version, Jason was engaged in protected activity. *See Riley v. National Fed'n of the Blind of North Carolina, Inc.,* 487 U.S. 781, 796, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988) (holding that commercial speech that is inextricably intertwined with otherwise fully protected speech is protected under the First Amendment.).

'performance' occurs in a public forum." The Venetian Defendants' 7/5/11 Reply, Dckt. No. 102 at p. 3. In fact, the *Villegas* Court clearly distinguished expressive rights on a public forum from the concept of "any general right to wear attire of their choosing to a privately run festival," which was what the Gilroy Garlic festival was deemed to be. 541 F.3d at 956, n.3.

Furthermore, the Venetian's argument is misleading and irrelevant because whether Jason had the right to wear the Zorro costume has never been at issue in this case. Rather, the question has always been whether the Venetian has the right to exclude individuals for violations of *its private policies* from the public sidewalk. The Venetian MSJ of 5/23/11, Dckt. No. 80 at pp. 10-11. *See* Bronson Depo. Tr., Ex. 1 to the 6/16/11 McLetchie Declaration, Dckt. No. 93, at 45.

In *Villegas,* the Court noted that "it is generally not a constitutional violation for a police officer to enforce a private entity's rights." *Id.* at 957. Of course, the Venetian does not have a private right to exclude others from the sidewalk, as discussed at length above. *Venetian I*, 45 F.Supp. 2d and *Venetian II,* 257 F.3d at 945-46. Moreover, *Villegas* is inapplicable here because there, the private entity was enforcing a dress code during a *privately run* garlic festival. *Id.* at 956. The Ninth Circuit further limited its holding, explaining that no constitutional violation occurs when a private entity "exclude[es] others from public property during the course of a limited permitted use." *Id.* at 957. The Venetian, in contrast, is arguing that pursuant to *Villegas,* it has the power to exclude others from the public sidewalk all of the time. The Venetian's MSJ of 5/23/11, Dckt. No. 80 at pp. 10-11. *Villegas* does not support that proposition, and therefore does not circumvent the Ninth Circuit's decision in *Venetian II*, 257 F.3d at 945-46, where the sidewalk's status as a public forum, and the Venetian's lack of authority to exclude people from it, was definitively established.

Indeed, there is additional protected speech at issue because contrary to the testimony of

7

Venetian Security Guard William Lovegren, who alleged that he approached Jason because Jason was allegedly selling swords, it was not until Jason disputed the Venetian's contention that it had dominion over the sidewalk, and until Jason disobeyed Officer Lovegren's demand to leave the sidewalk, that Venetian security officers took actual punitive action against him and used force. (*See* Pl.'s Opp. To Summ. J. and Countermotion of 6/16/11, Dckt. No. 97 at ¶¶ 29-30; 33-39 as compared to Lovegren Depo. Tr,, Ex. 6 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 42, 49, and 56). When Plaintiffs asserted their rights to use the sidewalk in front of the Venetian, and refused the Venetian security officers' unlawful demands to leave, they were engaged in protective speech, in addition to the protected speech Jason was engaged in while in character as Zorro. *See City of Houston v. Hill*, 482 U.S. 451, 460-61 (1987) (Striking an ordinance that made it a crime for any person to "…in any manner oppose, molest, abuse or interrupt any policeman in the exercise of his duty" because the ordinance unconstitutionally criminalized protected speech.).

Whether Jason was engaging in commercial conduct is immaterial to this case's First Amendment issues. If the Court disagrees, however, summary judgment is still inappropriate. Summary judgment against Plaintiff Sebastian Perez-Morciglio would remain improper because he is not alleged to have been involved in any commercial activity. There is also a genuine dispute as to whether Jason was engaged in commercial activity—i.e., whether he accepted money in exchange for a prop sword, as the Venetian claims, or as a (permissible) tip, as Plaintiffs claim. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) (holding that summary judgment is inappropriate where there is a genuine issue as to a material fact, such that the moving party is not entitled to judgment as a matter of law); *Riley*, 487 U.S. at 796 (holding that commercial speech that is inextricably intertwined with otherwise fully protected speech is protected under the First Amendment).

**B. As a Matter of Law, the Venetian Defendants Acted Under Color of Law Because They Engaged in a Public Function When They Impermissibly Regulated the Sidewalk, Which Is A Public Forum.**

As a matter of law, under the public fora theory, the Venetian Defendants' actions were undertaken under color of law, subjecting them to liability pursuant to a Section 1983 action. *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (*citing West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)).

This Court has already concluded that the Venetian performs a public function with respect to the sidewalk at issue here:

> …if ever there was a case where protections of the First Amendment to the United States Constitution should be applied to private property used for a particular public function, this is the case. Thoroughfare sidewalks parallel to the main public street in a city, that allow citizens to move from one part of the city to the next, have traditionally been exclusively owned and maintained by the government. **Consequently, by owning and maintaining the particular sidewalk at issue in this case, the Venetian is performing a public function.**

*Venetian I,* 45 F.Supp. 2d at 1035. The Venetian Defendants have provided no reason whatsoever to explain why this Court should abandon its prior determination now.

The United States Supreme Court has held that regulating a public forum is traditionally and exclusively a state function, and thus, private actors that do so are acting under color of law. *Marsh v. Alabama*, 326 U.S. 501, 502-03 (1946). *See also Lee v. Katz*, 276 F.3d 550, 556 (9th Cir. 2002) (Holding that private actors engaging in public functions are doing so under color of law); and *United Church of Christ v. Gateway Econ. Dev. Corp. of Greater Cleveland, Inc.*, 383 F.3d 449, 454-55 (6th Cir. 2004) (same).

The Venetian, in contrast, relies exclusively on *Caviness v. Horizon Community Learning Ctr.*, 590 F.3d 806 (9th Cir. 2010), a case in which the Ninth Circuit concluded that a private-nonprofit corporation that ran a charter school had not engaged in state action when it took employment-related actions against a former teacher, because taking an employment-related action is a private not public function. The Court noted that the public function that the nonprofit corporation engaged in was providing education, which was not the subject of the suit, but that its employment actions were not public functions. *Id.* at 818. Quoting *Lee v. Katz*, 276 F.3d at 555 n.5, the *Caviness* Court explained, "[i]t is important to identify the function at issue because an entity may be a State actor for some purposes but not for others." *Caviness*, 590 F.3d at 812-13 (internal quotation marks and alteration omitted). Here, the subject of the suit is the Venetian's actions to regulate the sidewalk, an activity that this Court already concluded was a public function, as discussed above. Hence, it is clear that even in light of *Caviness*, this Court's conclusion in 1999 that the Venetian was engaged in state action and operating under color of law with respect to the sidewalks was, and remains correct today. As this is true as a matter of law and not dependent upon any disputed facts, Plaintiffs are entitled to summary judgment with respect to whether the Venetian was acting under color of law when it stopped, detained, and removed Plaintiffs.

Even if the Court disagrees with Plaintiffs regarding the public forum theory, Defendants are not entitled to summary judgment under the joint action theory of state action.[3] *Kirtley*, 326 F.3d

---

[3] On page 7 of the Venetian Defendants' Reply brief they argue that Plaintiff's joint action theory fails under *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989), but they conveniently ignore that in *Collins*, the joint action theory was rejected for several reasons that are fact and case specific, including because there, the plaintiffs had not even alleged that the private defendants were engaged in a conspiracy with any government actors. In contrast, here Plaintiffs have made such an accusation, which is supported by the record. (The Venetian's MSJ of 5/23/11, Dckt. No. 80 at pp. 51-52; Gillespie Depo. Tr., Ex. 3 to the 6/16/11 McLetchie Declaration, Dckt. No.

at 1092 (citation omitted). That inquiry is dependent on genuine issues of disputed material facts, specifically whether (1) the Venetian and Metro were involved in a conspiracy, (2) Metro merely rubber-stamped Venetian security's actions (and Venetian security knew this), or (3) none of the above.

In *Kirtley*, the Ninth Circuit held that a private actor's actions are deemed state action when the private individual conspires with the State or its agents as a willful participant in joint action. *Id.* Applying the *Kirtley* test, the Venetian security officers were acting under color of law by acting in concert with the Metropolitan Police Department (hereinafter "Metro") to remove individuals from the sidewalk, and to issue warning not to return to the premises whenever the casino wanted. (Scott Depo Tr., Ex. 9 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 71-72, 74, 76, 79, 88-89, 99, 123, and 127-128; Video Tr., Ex. 11 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at p. 38); Schaier Depo Tr., Ex. 10 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 53, and 73. Moreover, in *Howerton v. Gabica*, 708 F.2d 380, 384-85 (9th Cir. 1983), the Ninth Circuit held that while mere acquiescence on the part of the police is not enough to constitute joint action, joint action is found where police lend support to the private actor that creates the appearance that the state sanctions the private conduct.

Here, the police were complicit with the Venetian officers, did minimal independent investigation into the facts at best, and issued trespass warnings to Plaintiffs cautioning them that they were not permitted to return. (Scott Depo Tr., Ex. 9 to the 6/16/11 McLetchie Declaration, Dckt.

---

93 at pp. 16-17, 42-43, 52, 54, and 56; Hank Depo Tr., Ex. 5 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 55-56, and 83; Schaier Depo Tr., Ex. 10 at 96-97; Scott Depo. Tr., Ex. 9 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 88-89, 100-01, 125, 127-28; and Whiddon Depo Tr., Ex. 21 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 75, 77-78 and 269.

No. 93 at pp. 100-01, 103-06, and 125 and 127; *see also* Video Tr., Ex. 11 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at 34 (Recording Scott tell Jason, in part, that "[b]ecause it's a private property entity, they can trespass anybody for anything. Okay? For anything they choose."). Those factors led the Plaintiffs to believe Metro was working with the Venetian Defendants, as those factors would lead any rational person in Plaintiffs' position.

The Venetian analogizes the present case to *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989), in which the Court found no joint action, even though the cases are fundamentally dissimilar. (The Venetian's MSJ at p. 7). In *Collins*, the Court held that a private party which had allegedly committed a false arrest was not a state actor under the joint action theory, because the police (1) "conduct[ed] an independent investigation," after the arrest, (2) "maintained a policy of neutrality in the dispute," and (3) did not encourage the use of detention by private parties as a proper method for dealing with wrongdoing. *Id.* at 1154.

That is not the case here. The Venetian's security officers knew that Metro would not perform an independent investigation, and they were correct. *See* Tr. of Venetian Holding Room Video, Ex. 11 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp. 16-26, PRM 000989:10-000998:17 (showing that Metro officers, even though they were "not sure where [Plaintiffs] were standing"—and therefore whether their detention was lawful—only asked Plaintiffs whether they had prior arrests, any drugs or weapons, and the like); *see also Id.* at pp. 18-19 (telling Plaintiffs "[y]ou're on their private property"). Venetian's security officers also knew that Metro would simply rubber-stamp their decision to detain the Plaintiffs, just like every other time they chose to detain someone. *See, e.g.*, Hagenmaier Depo. Tr., Ex. 4 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at p. 109 (deponent unable to recall a single instance in which a Metro officer stated that "he

or she would need to investigate Venetian[] security's reason for detaining somebody."). Significant state encouragement of a private action may be either "overt or covert." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Here, Metro unlawfully cited Plaintiffs for trespass, despite the fact that the Plaintiffs broke no law. Bronson Depo. Tr., Ex. 1 to Dckt. 93, at 45. If the record does not demonstrate the former kind of encouragement, Metro's unwavering approval of Venetian security's detentions certainly demonstrates the latter kind. In light of the strong evidence of joint action between Venetian security and Metro in the record, a finder of fact could easily conclude that the Venetian was undertaking joint action with Metro to exclude Plaintiffs from the sidewalk. Summary judgment for the Venetian on the issue is therefore inappropriate.

    **C.    Because as a Matter of Law, the Venetian Defendants Acted Under Color of Law, Violated the Plaintiffs' First Amendment Rights, Forcibly Removed Them From a Public Forum, and Detained Them Against Their Wills, Plaintiffs are Entitled to Summary Judgment on Their Tort Claims.**

The Venetian Defendants' conduct was tortious because, even accepting their version of events, they detained Plaintiffs against their will without proper authority.

The Venetian does not cite any legal authority to detain the brothers, but presumably they believe it is found under N.R.S. 171.126, which allows a private individual to arrest another "for public offenses committed or attempted in his presence." Whether a private individual is justified in perfecting a citizen's arrest under the statute is analyzed by determining whether the arresting individual had probable cause to believe that a public offense had occurred in his presence. *Miura v. Riverside Resort & Casino, Inc.*, 2006 WL 2990359, 4-5 (D. Nev. 2006).

According to the Venetian, the brothers were arrested and detained for trespassing on its property. (Whiddon Depo. Tr., Ex. 21 to the 6/16/11 McLetchie Declaration, Dckt. No. 93 at pp.

169-70). Of course, it is impossible to trespass on property that has been designated a public thoroughfare and public forum, as discussed in *Venetian II,* 257 F.3d at 945-46. Venetian Security lacked probable cause to arrest Plaintiffs because they were on notice that the sidewalk is a public forum. After all, the Venetian was a party to the action that definitively decided the issue. *Id.*

Because it is impossible to commit the public offense of trespass on a sidewalk designated as a public forum, because the Venetian was aware that the sidewalk was designated as a public forum, and because the Venetian security guards did not have the requisite probable cause to justify the arrest, the Venetian's arrest and detention of the brothers cannot be justified under N.R.S. 171.126. The Venetian cites no authority which allows a private entity to remove individuals or cite them for trespass on property designated as a public forum. Indeed they cannot do so, because none exists.

Unlawful detentions are of course tortious. *See* N.R.S. 200.460 (defining the tort of false arrest as an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority."). Summary judgment in favor of the Plaintiffs is therefore appropriate with respect to their tort claims.

**III.         Conclusion**

The Venetian Defendants' Motion for Summary Judgment must be denied because several key facts are in dispute, and even under their version of the events that gave rise to this litigation, they would be liable. In contrast, Plaintiffs are entitled to summary judgment with respect to three issues: (1) the sidewalk in front of the Venetian where the Plaintiffs were accosted by, and taken into custody by Venetian security guards, is a public forum that the Venetian has no lawful right to regulate; (2) by unlawfully regulating the public sidewalk, and specifically by detaining the Plaintiffs, the Defendants acted under color of law and accordingly are state actors; and (3) in light

of the sidewalk's undeniable status as a public forum and the Venetian Defendants' unjustified state action in the form of the unlawful detention of Plaintiffs as a result of their presence on the public sidewalk, the Venetian Defendants engaged in tortious conduct as a matter of law.

The central question at the heart of this litigation was already decided by this Court, when it concluded that the sidewalk in front of the Venetian was a public forum, where the casino did not have the right to exclude individuals. *Venetian I*, 45 F.Supp. 2d 1027 (D. Nev. 1999). The Ninth Circuit reviewed this Court's decision and affirmed. *Venetian II*, 257 F.3d 937 (9th Cir. 2001), cert. denied, 535 U.S. 905, 152 L. Ed. 2d 142, 122 S. Ct. 1204 (2002). Those cases already settled that the Venetian was acting under color of law when it attempted to regulate the sidewalk in question. Moreover, none of the facts in dispute in this case change the fact that the Venetian had no authority to stop or remove plaintiffs from the sidewalk. Nor does any version of the disputed facts justify detaining the brothers, who violated no laws whatsoever. When the Venetian violated this Court and the Ninth Circuit's judgments in *Venetian I* and *Venetian II*, they not only violated the Plaintiffs' civil and constitutional rights, but their statutory rights to be free from unlawful detention and unjustified use of force. Summary judgment in favor of the Plaintiffs should be entered with respect to those claims accordingly.

ACLU OF NEVADA

By:

  /s/ *Allen Lichtenstein*
Allen Lichtenstein,
Nevada Bar No.3992
3315 Russell Road, No. 222
Las Vegas, NV 89120
(702) 433-2666

Margaret A. McLetchie
Nevada Bar No. 10931
601 S, Ranch, Ste. B-11
Las Vegas, NV 89106
(702) 366-1536

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July 2011, I, Allen Lichtenstein, caused to be served a true and correct copy of Plaintiffs' Reply to Defendants Las Vegas Sands' Response to Plaintiffs' Counter-Motion for Summary Judgment, electronically through the Court's Case Management and Electronic Case Filing (CM/ECF) filing system to all the parties listed below:

Samuel S. Lionel
David N. Frederick
Robert Hernquist
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
Las Vegas, NV 89101

*Attorneys for Defendants Las Vegas Sands Corporation, Venetian Casino Resort, LLC, Eli Castro, Linda Hagenmaier, William Lovegren, Anthony Bronson, Kevin Neanover, Kim Gorman, Paul Tanner and Tony Whiddon*

     /s/Allen Lichtenstein
    Allen Lichtenstein
    Attorney for Plaintiffs

1